## RECOVERY OF FEES ILLEGALLY PAID TO COUNTY OFFICER.

### Circuit Court of Hamilton County.

WALTER B. WEAVER v. STATE OF OHIO, EX REL HIRAM M. RULISON, PROSECUTING ATTORNEY.

Decided, January 15, 1910.

*Office and Officer—Settlement of Fee Account with County Commissioners—Misapplication of Public Funds Through Illegal Payments Section 1277.*

An action will lie on behalf of the state for recovery from a county officer of moneys paid to him as fees for which there was no authority of law.

*Robert C. Pugh,* for plaintiff in error.
*Hunt, Bettman & Merrell,* for the state.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

The court is of the opinion that the trial court properly sustained the demurrer to the answer of plaintiff in error. The recovery asked in this case is for a sum of money retained by plaintiff in error when coroner of this county, in excess of fees legally coming to him under the fee law.

It is claimed by plaintiff in error that the claim of the state against him for this excess had been adjusted between him and the county commissioners, and that he had paid into the county treasury the sum of eighteen dollars to balance the county, and therefore, this adjustment having been made, the state can not demand under Section 1277 the return of this excess.

The adjustment as had was simply a payment to the county of salary which he had theretofore drawn, and for which there was no authority of law, and the payment back to him on the part of the county commissioners the amount in excess of the statutory fees to which he was legally entitled. This being so, we do not think the case of *State* v. *Fronizer,* 77 O. S., page 7, applies, as the basis of that case was a certain contract entered into between

the county commissioners and Fronizer for the construction of a bridge.

The basis of the case at bar for recovery is the payment to a county officer by the county commissioners of fees in conducting his office for which there is no statutory provision. The payment was contrary to law. The county commissioners, therefore, could not authorize such a payment, and if consummated and the money paid, the amount so paid can be recovered back. We think the case of *Lewis* v. *State,* 57 O. S., 189, is decisive of the case at bar. In that case it was held that the board of county commissioners represents the county in respect to its financial affairs only so far as authority is given to it by statute. While it may pass upon and adjudicate claims against the county for services in a matter which under the statutes may be the subject of a legal claim against the county, yet it is without jurisdiction to adjudicate claims which in themselves are illegal and of such a nature as not to form a subject of a valid claim for any amount.

For the above reasons the judgment of the court below will be affirmed.